MARY ANN WOODKE, Executive Secretary Public Records and FormsBoard
You request my opinion on the following questions:
 1. Is a school district required to retain and maintain the original written notices and authorization forms for transfer of "all pupil records" to other schools or institutions submitted by adult students or on behalf of minor students pursuant to section 118.125(4), Stats.
 2. If the answer to question one is yes, for what period must such records be retained.
The answer to your first question is yes. The answer to your second question is governed by any rules adopted by the school board pursuant to section 118.125(3) which relates to maintenance of pupil records. With respect to "pupil records" which are not "behavioral records" within the meaning of section118.125(1)(b), such rules must provide for a retention and maintenance period of at least five years "after the pupil ceases to be enrolled in the school." The written notice and authorization form is not a "behavioral record." Section118.125(3)provides:
 MAINTENANCE OF RECORDS. Each school board shall adopt rules in writing specifying the content of pupil records and the time during which pupil records shall be maintained, except that no behavioral records may be maintained for more than one year after the date upon which the pupil graduated from or last *Page 170 
attended the school, unless the pupil specifies in writing that individual behavioral records may be maintained. Rules adopted under this subsection shall be published by the school board as a class 1 notice under ch. 985. Pupils records need not be maintained for a period of longer than 5 years after the pupil ceases to be enrolled in the school. School districts may maintain such records on microfilm or in such form as the board deems appropriate.
The written notice authorization form is a "pupil record" within the definition contained in section 118.125(1)(a), which provides:
 "Pupil records" means all records relating to individual pupils maintained by an elementary or high school but does not include notes or records maintained for personal use by a teacher or other person who is required by the department under s. 115.28(7) to hold a certificate, license or permit if such records and notes are not available to others nor does it include records necessary for, and available only to persons involved in, the psychological treatment of a pupil.
Paragraphs (b), (c) and (d) refer to specific types of pupil records: "Behavioral records," "Progress records" and "Directory data."
The attorney who prompted your request has incorrectly set forth the basic issue in stating: "The question . . . is whether the authorization form is a `pupil record' within the meaning of sec. 118.125, stats., or whether the authorization form is a `public record' within the meaning of 19.32(2), stats."
In my opinion "pupil records" as defined in section118.125(1)(a), (b), (c) and (d) are "public records" within the definition in section 19.32(2) of the public records law:
 "Record" means any material on which written, drawn, printed, spoken, visual or electromagnetic information is recorded or preserved, regardless of physical form or characteristics, which has been created or is being kept by an authority. "Record" includes, but is not limited to, handwritten, typed or printed pages, maps, charts, photographs, films, recordings, tapes (including computer tapes), and computer printouts. "Record" does not include drafts, notes, preliminary computations and like materials prepared for the originator's personal use or prepared *Page 171 
by the originator in the name of a person for whom the originator is working; materials which are purely the personal property of the custodian and have no relation to his or her office; materials to which access is limited by copyright, patent or bequest; and published materials in the possession of an authority other than a public library which are available for sale, or which are available for inspection at a public library.
Access to "pupil records" is limited under section 19.35 by reason of section 19.36(1) and specifically by section118.125(2), which provides in part: "All pupil records maintained by a public school shall be confidential, except as provided in pars. (a) to (j). The school board shall adopt regulations to maintain the confidentiality of such records."
The exception as to pupil records in section 19.21(6) does not mean that such records are not public records or that they must be maintained forever. That section provides:
 Any school district, except a city school district or a school district in a 1st class city, may provide for the destruction of obsolete school records. Prior to any such destruction, at least 60 days' notice in writing of such destruction shall be given the historical society, which shall preserve any such records it determines to be of historical interest. The historical society may, upon application, waive the notice. The period of time a school district record shall be kept before destruction shall be not less than 7 years, unless a shorter period is fixed by the public records and forms board under s. 16.61
(3)(e) and except as provided under sub. (7). This section shall not apply to pupil records under s. 118.125.
Maintenance and the period pupil records must be retained by the school district is governed by section 118.125(3) and rules adopted thereunder. By reason of that statute, a school district board has a duty to adopt rules providing for the maintenance and destruction of pupil records not transferred, subject to limitations as to the maximum and minimum time periods set forth in the subsection.
BCL:RJV *Page 172